JS - 6

**FILED: 11/5/13**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AVERY and ZINA AVERY,<br><br>         Plaintiffs,<br><br>    v.<br><br>SPECRTE PERFORMANCE and AUTOZONE PARTS, INC. (sued erroneously as AUTOZONE, INC.),<br><br>         Defendants. | CASE NO. CV 10-9802-GHK (RZx)<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint Filed:  December 20, 2010<br>Trial Date:           None<br>Judge:                  Hon. George H. King |

Plaintiffs Anthony Avery and Zina Avery ("Plaintiffs") have made a motion for an order finally approving the Settlement Agreement ("Agreement") entered into between Plaintiffs and Defendants Spectre Performance ("Spectre") and AutoZone Parts, Inc. (sued erroneously as AutoZone, Inc.) ("AutoZone") (collectively, "Defendants"). Defendants have filed papers in support of that motion; the said motion and any objections to the settlement having came on for hearing before the above-entitled Court; the Court has reviewed and considered all documents, evidence and arguments of counsel presented in support of said motion and in support of and response to any objections; the Court being fully advised of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      The Court has jurisdiction over the parties to this Action, including all members of the Plaintiff Settlement Class as defined in the Conditional Class Certification Order and Section 2.22 of the Settlement Agreement ("Agreement") previously filed in this Action.

2.      The Court finds, for purposes of settlement only, that the Plaintiff Settlement Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3).  Accordingly, solely for the purposes of effectuating this settlement, this Court hereby certifies the Plaintiff Settlement Class, as defined in the Conditional Class Certification Order.

3.      The Court has determined that the notice given to the Plaintiff Settlement Class fully and accurately informed the Plaintiff Settlement Class of all material elements of the proposed settlement and constituted the best practicable notice to all members of the Plaintiff Settlement Class and fully meets the requirements of Federal Rule of Civil Procedure 23 and all applicable constitutional requirements.

4.      The Agreement and the settlement set forth therein are found and determined to be fair, reasonable and adequate, in the best interests of the Plaintiff Settlement Class and are hereby approved and ordered performed by all parties to the Agreement.

5.      Immediately upon entry of this Judgment and Final Approval Order, the First Amended Complaint in this Action shall be dismissed in its entirety on the merits and with prejudice.  This dismissal shall be without costs to any party, except as specifically provided in the Agreement.

6.      This Judgment and Final Approval Order applies to all claims or causes of action settled under the terms of the Agreement, and shall be fully binding with respect to all members of the Plaintiff Settlement Class, as no class members have timely requested exclusion.

7.      This Judgment and Final Approval Order is a final, appealable judgment within the meaning and for purposes of Federal Rule of Civil Procedure 54 and 58, and is

the Order provided for in Section 8.3 of the Agreement.

8. The Court adjudges that the Plaintiffs have released and all members of the Plaintiff Settlement Class who did not properly request exclusion shall be deemed to have released claims as set forth in the Agreement and are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any claims settled under the subject matter of this Action and all terms of the Agreement, which they ever had, or now have, to the extent provided in the Agreement.

9. The Court adjudges that all of Defendants' claims shall conclusively be deemed to be released and discharged as to the Plaintiffs, to the extent provided in the Agreement.

10. Without affecting the finality of this Judgment and Final Approval Order in any way, the Court retains jurisdiction over: (1) the implementation and enforcement of the Agreement until each and every act agreed to be performed by the parties to the Agreement shall have been performed; (2) any other action necessary to conclude this settlement and to implement the Agreement; and (3) the enforcement, construction and interpretation of the Agreement.

11. This Judgment and Final Approval Order does not constitute an expression by the Court of: (1) any opinion, position or determination as to the merit or lack of merit of any of the claims and/or defenses of the Plaintiffs, the Plaintiff Settlement Class, or Defendants; or (2) the propriety of certification of the Plaintiff Settlement Class for any purpose other than this settlement. Neither this Judgment and Final Approval Order, nor the Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by Defendants or be offered or received in evidence as an admission, concession, presumption, or inference against Defendants for any purpose whatsoever other than in such proceedings as may be necessary to consummate or enforce the Agreement.

12. The Court finds that no just reason exists for delay in entering this Judgment and Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Judgment and Final Approval Order pursuant to Federal Rule of Civil Procedure 58.

13. The law firms of Lee Tran & Liang APLC and Wiggins, Childs, Quinn & Pantazis LLC are hereby appointed as Class Counsel. Plaintiffs Anthony Avery and Zina Avery are appointed as Class Representatives.

14. Class Counsel are awarded costs, expenses, and attorneys' fees in the amount of $95,000 as fair and reasonable compensation for their work in connection with the Litigation, to be paid as set forth in the Agreement.

15. Class Representatives Anthony Avery and Zina Avery are awarded incentive awards in the amount of $2000 each, as fair and reasonable compensation for their services as class representatives, such amounts to be paid as set forth in the Agreement.

**IT IS SO ORDERED**.

DATED: November 4, 2013

_____
GEORGE H. KING
Chief United States District Judge